## DEAN v. STATE OF FLORIDA
### Case No. 84-5-AP
Fourth Judicial Circuit, Duval County

May 28, 1985

### APPEARANCES OF COUNSEL

**Tim Collins,** Assistant State Attorney, for appellee.
**James T. Miller,** Assistant Public Defender, for appellant.

### OPINION OF THE COURT

ELLIS T. FERNANDEZ, JR., Circuit Judge.

By this appeal Benedict C. Dean (Appellant) seeks the entry of an order setting aside the Jury Verdict of guilty of the crime of attempted battery and the Judgment and Sentence of the Court based thereon. Based on the Jury's Verdict of guilty, the trial court adjudicated the Appellant to be guilty and sentenced him to serve 30 days in the Duval County Jail.

Appellant bottoms his appeal principally on the contention that the

trial court erred when it allowed the State to introduce evidence of the extent of the injuries suffered by the victim in the event. Appellant argues that, since proof of injury is not necessary (relevant) for a conviction of the crime of simple battery then it was error for the Court to allow that testimony to be received. Cases cited by the Appellant do, of course, stand for the proposition that in a prosecution for battery (as opposed to aggravated battery) the State is not required to prove that injuries resulted. The crime of battery is proven when the requisite proof is offered by a touching by the Defendant against the will of the victim. *D.C. v. State*, 436 So.2d 203 (Fla. 1st DCA 1983). The corollary is not necessarily true however; and Appellant has produced no authority which announces the proposition that, since the State is not required to prove injury in a prosecution for battery, it cannot do so.

In this case, the conviction of the Appellant is amply supported by the evidence in the case; and it was not error for the Court to admit evidence of the extent of the victim's injuries. At trial, Appellant introduced evidence tending to support his defense of self-defense. That being the case, the Jury was entitled to consider the victim's injuries as circumstantial evidence which would help determine the question of which of the participants in the fray was the actual agressor. The probative value of that evidence substantially outweighs any inflammatory aspects thereof.

Due consideration having been given the foregoing, it is

ORDERED AND ADJUDGED that the Order Denying a New Trial entered by The Honorable John M. Marees, County Judge of the County Court, in and for Duval County, Florida, on January 17, 1984, and the Judgment of Guilt and Sentence announced by that Judge in open court on January 17, 1984, be, and each of them is hereby, affirmed.